THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CARL A. JACOBSON,<br><br>                Plaintiff,<br><br>v.<br><br>SHON ROPER, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME**<br>**AND**<br>**ORDER EXTENDING TIME TO FILE MOTION TO SUBSTITUTE PARTY**<br><br>Case No. 4:19-cv-00043-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Robert B. Sykes (counsel for deceased Plaintiff Carl A. Jacobson),[1] filed a motion seeking extension of time to file a motion under FED. R. CIV. P. 25(a)(1) to substitute Plaintiff ("Motion").[2]

Because Mr. Sykes lacks standing to file his Motion, the Motion is DENIED.[3] However, because good cause exists to extend the deadline to file a motion to substitute Plaintiff, the deadline is extended to January 13, 2022.

## DISCUSSION

Under FED. R. CIV. P. 25(a)(1), a motion for substitution must be filed by a "party or by the decedent's successor or representative . . . within 90 days after service of statement notice the [party's] death."[4] Defendants filed a Statement of Notice of Death ("Notice") regarding Plaintiff

---

[1] Statement of Notice of Death ("Notice"), docket no. 71, filed Aug. 27, 2021.

[2] Motion to Extend Time for Substitution of a Party ("Motion"), docket no. 75, filed Nov. 18, 2021.

[3] Defendants have not filed a response to Mr. Sykes's Motion, and the time for Defendants' response has not yet passed. However, a response is not necessary to, and could not affect, the disposition of the Motion.

[4] FED. R. CIV. P. 25(a)(1).

on August 27, 2021. Therefore, assuming proper service of the Notice,[5] a motion to substitute Plaintiff must be filed by no later than November 29, 2021.[6]

Mr. Sykes's Motion indicates that there have been delays in the appointment of a personal representative of Plaintiff's estate.[7] Plaintiff's daughters were initially appointed as personal representatives of the estate on September 27, 2021, but resigned their appointments on October 22, 2021.[8] Mr. Sykes subsequently petitioned the probate court to be named as the estate's successor personal representative.[9] But the petition remains pending and Mr. Sykes believes that it will not be ruled on for another 15 to 30 days.[10]

Because Plaintiff's estate does not currently have a personal representative, and will most likely not have a successor personal representative appointed in time to file a motion to substitute Plaintiff by the November 29, 2021 deadline, Mr. Sykes's Motion establishes good cause to extend the deadline.[11] However, Mr. Sykes's Motion is fundamentally deficient.

---

[5] A statement noting death must be "served on the parties as provided in Rule 5 and on nonparties as provided in [FED. R. CIV. P.] 4." *Id*. at 25(a)(3). It is unclear from the record whether Defendants served the Notice on nonparties, such as Plaintiff's estate, under Rule 4.

[6] Ninety days from August 27, 2021, is November 25, 2021. Because November 25, 2021, is a legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," which is November 26, 2021. *Id*. at 6(a)(1)(C). However, the court is closed on November 26, 2021. https://www.utd.uscourts.gov/court-info/court-holidays (last visited Nov. 23, 2021). Therefore, the deadline is extended by local rule "to the next day the court is open for business," which is November 29, 2021. DUCivR 6-1.

[7] Motion at 2.

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] FED. R. CIV. P. 6(b)(1)(A). "Good cause comes into play in situations in which there is no fault—excusable or otherwise." *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017). "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id*. at 700-701. "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts." *Id*. at 701.

"As an agency relationship, the attorney-client relationship terminates upon the death of the client."[12] Because Plaintiff is deceased, Mr. Sykes does not represent any party to this action.[13] And Mr. Sykes is not, himself, a party to this action. Therefore, Mr. Sykes lacks standing to file his Motion.[14] The Motion must be DENIED.

Nevertheless, Mr. Sykes's Motion raises legitimate concerns that Plaintiff's estate will be prejudiced if the deadline to file a motion to substitute Plaintiff is not extended.[15] The district court has inherent authority to "control the disposition of the causes on its docket."[16] FED. R. CIV. P. 6(b)(1)(A) further provides that "for good cause," the district court may extend a deadline "with or without motion or notice if the court acts . . . before the original time . . . expires."[17] Under the circumstances, good cause exists to extend the deadline to file a motion to substitute Plaintiff by 45 days. Therefore, the deadline to file a motion to substitute Plaintiff under FED. R. CIV. P. 25(a)(1) is extended to January 13, 2022.

---

[12] *Anderson v. Eaton Corp.*, No. 2:10-cv-00905-TS, 2012 WL 6217434, *1 (D. Utah Dec. 13, 2012); *see also Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000).

[13] *Anderson*, 2012 WL 6217434, *1; *Kasting*, 196 F.R.D. at 598.

[14] *Anderson*, 2012 WL 6217434, *1; *Kasting*, 196 F.R.D. at 598.

[15] Motion at 2-3.

[16] *Anderson*, 2012 WL 6217434, *2 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[17] FED. R. CIV. P. 6(b)(1)(A).

## ORDER

IT IS HEREBY ORDERED that Mr. Sykes's Motion[18] is DENIED.

IT IS FURTHER ORDERED that the deadline to file a motion to substitute Plaintiff under FED. R. CIV. P. 25(a)(1) is extended to January 13, 2022.

Signed November 23, 2021.

BY THE COURT

_____
Paul Kohler
United States District Judge

---

[18] Docket no. 75, filed Nov. 18, 2021.